# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.                                      Case No. 16-CR-87

**EDGARDO QUILES-RIVERA,**

    Defendant.

## REPORT AND RECOMMENDATION ON DEFENDANT'S CHANGE OF PLEA

The United States of America and the defendant, Edgardo Quiles-Rivera, appeared before me on March 12, 2018, for a change of plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure. *See* Court Minutes for Change of Plea Hearing, ECF No. 551. Both parties consented to my conducting the change of plea colloquy. I explained that it would be for United States District Judge J.P. Stadtmueller alone, not me, to enter the plea and that my role was to conduct the plea colloquy and then to prepare a report and recommendation for ultimate disposition by Judge Stadtmueller.

Before starting the formal Rule 11 colloquy, Mr. Quiles-Rivera asked to speak with me ex parte. The United States had no objection, so I cleared the Courtroom, but kept us on the record, which I have sealed. In general, Mr. Quiles-Rivera made clear that he had no hesitation about entering a guilty plea. He was, however, concerned about whether his counsel would adequately investigate certain activities

engaged in by Mr. Quiles-Rivera or his family that could have a positive effect on the sentence that he receives. We discussed some specific queries that Mr. Quiles-Rivera wanted his counsel to pursue, and his counsel agreed to make the queries. Mr. Quiles-Rivera then stated that he was ready to go forward with the change of plea, and I ended the ex parte session.

In open court, I had Mr. Quiles-Rivera placed under oath and advised as to the implications of being untruthful. I questioned him about his competency to go forward with the hearing. Through his responses, I found that Mr. Quiles-Rivera was lucid, intelligent, and not under the influence of any intoxicants or substances. Although he could not read English, he stated that his counsel had reviewed the guilty plea document with him and had been able to answer any questions he had regarding the implications of a guilty plea, including question relating to the sentencing guidelines.

I then discussed in detail each of the subjects specified in Rule 11, including the rights Mr. Quiles-Rivera would surrender by entering a plea of guilty, the maximum penalties associated with the charged offenses, and the authority of the sentencing judge to disregard any recommendations in the Plea Agreement, ECF No. 550, and to sentence Mr. Quiles-Rivera at the statutory maximums. Mr. Quiles-Rivera acknowledged that he could not withdraw his guilty plea if he receives a higher sentence than he believes is appropriate. Mr. Quiles-Rivera also fully understood the rights he was surrendering and the implications of pleading guilty.

Mr. Quiles-Rivera stated that he was satisfied that he had received effective assistance of counsel.

At the conclusion of this colloquy, I determined that the guilty plea was knowing and voluntary and was not induced by threats or by promises not contained in the Plea Agreement. I found that there was an independent factual basis containing each of the essential elements of the one count of the Indictment, ECF No. 1, to which Mr. Quiles-Rivera was pleading guilty. Mr. Quiles-Rivera advised that he was pleading guilty to the charged offense because he was, in fact, guilty and that the United States could prove beyond a reasonable doubt that he was guilty of the charged offense. Finally, I found that, in responding to my questions, Mr. Quiles-Rivera was candid, respectful, and non-evasive, fully accepting responsibility for and acknowledging the unlawfulness of his conduct.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that defendant Edgardo Quiles-Rivera's plea of guilty be accepted; that a presentence investigation and report be prepared according to the schedule set by the Court; and that Mr. Quiles-Rivera be adjudicated guilty and have sentence imposed accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely

objection with the District Judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin, this 15th day of March, 2018.

**BY THE COURT:**

*s/David E. Jones*
DAVID E. JONES
United States Magistrate Judge